PEOPLE OF STANISLAUS COUNTY *ex rel.* SMITH *et al.* v. MYERS, Sheriff, and BOARD OF SUPERVISORS OF SAID COUNTY *et al.*

The people of a county are not a corporation, nor can they sue or be sued.
A county is a corporation, and is the proper party plaintiff to object to a contract made by the Board of Supervisors for building a jail.
When a tax-payer might be plaintiff in such case stated.

Appeal from the Thirteenth District.

The complaint begins: "The above named plaintiffs, residents of and tax-payers in Stanislaus county, complain," etc. It then avers that the Supervisors bought of defendant, Myers, who was Sheriff of the county, a certain house to be used, as a court house; that, in pur-suance of their order, warrants were drawn in favor of Myers on the County Treasurer for the purchase money; that for various reasons, among others the indebtedness of the county up to the limit allowed by law, the purchase and warrants were fraudulent and void. A

Smith *v.* Myers.

demurrer, that "plaintiffs have no legal capacity to sue," being over-ruled, defendants' excepting, answer filed, and the cause tried by the Court, a decree was rendered annulling the contract of purchase, and ordering the warrants to be delivered up, etc.

Defendants appeal.

*L. Quint,* for Appellants.

The county is the party interested, and not the people of the county. Suit should be in name of the county. (Wood's Dig. p. 249 ; 7 Cal. 121.)

*H. P. Barber,* for Respondents.

BALDWIN, J. delivered the opinion of the Court — COPE, J. and FIELD, C. J. concurring.

This was a bill filed in the District Court for the purpose of declar-ing void a contract made by the Board of Supervisors of Stanislaus county, for a court house, jail, etc.

A demurrer was interposed by the defendants.   One of the grounds is, that the action was improperly brought in the name of the people. The demurrer was overruled, and judgment for the plaintiffs.   We are not at all convinced that, on the substantial merits of this case, the suit can be maintained, or that the county is not justly chargeable upon the contract set out.   But we make it a rule not to decide cases in the absence of the parties who are beneficially and really interested, since that would be to allow a controversy to go on in the names and at the instances of parties who are not bound by the decision.

The people of the county are not a coporation, nor are they recog-nized in law as capable of suing or being sued.   If any objection is taken, or can be taken, to this contract, it must be by the county, which is a corporation ; or if the officers of the county exceed their powers, or are acting, or about to act, with gross injustice and bad faith to the tax-payers, and thereby subject them to unjust and unauthorized bur-dens, perhaps one or more of the tax-payers, thus burdened or threat-ened, might, under peculiar circumstances, invoke the remedial powers of a Court of Equity, to prevent irreparable injury.   This case, how-ever, presents no ground for relief, as it is presented by the record, in favor of the plaintiffs.

The demurrer was improperly overruled, and the judgment is there-fore reversed, and the cause remanded.